QUEEN v. BELL et al.

(Superior Court of New York City, General Term. March 6, 1893.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    A new trial, for newly-discovered evidence, will not be granted where it appears from the moving affidavit that all the additional evidence that was relevant could have been had on the former trial.

2. SAME—FAILURE TO SIGN REQUESTS TO FIND.
    Where, in response to plaintiff's requests to find, the judge made a note that "each of the written requests is to be marked 'Refused,' except so far as covered by the findings and conclusions signed and settled by me," and plaintiff did not ask the judge to sign each request refused, it is not sufficient to warrant a new trial, it being, at most, a mere mistake of form, which could have been remedied by a motion to the judge.

Appeal from special term.

Action by Montgomery Queen against George H. Bell and another. From an order denying plaintiff's motion for a new trial made on an affidavit and on the case as settled, plaintiff appeals. Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

H. B. Kinghorn, for appellant.
J. Stewart Ross, for respondents.

SEDGWICK, C. J. The first ground upon which the new trial was asked was that of newly-discovered evidence. The affidavit used to support this was insufficient. It contained no proof of facts, but of admissions, or rather inferences from them, said to be contained in an examination of Bell, taken in proceedings supplementary to execution.

But the examination was not produced. The facts intimated, rather than stated, were not of prevailing importance, and some of them could not be given in evidence. It would appear that all that was relevant, and that might have been proven, could have been had upon the trial.

Another ground for asking a new trial was as follows: In response to plaintiff's requests to find, the judge made the following note: "Each of the written requests is to be marked 'Refused,' except so far as covered by the findings and conclusions signed and settled by me." It would not seem necessary to grant a new trial for such reason. The merits were not involved. The mistake of form, if it were one, might be remedied by a motion to the judge himself; but, on the contrary, the plaintiff allowed the proceedings to go on to the settlement of the case, and did not ask that the judge should sign each request refused, etc. There seemed to be acquiescence in the action of the judge in respect of the requests of plaintiff.

Order affirmed, with requests. All concur.